UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEATHER D. ARMENDARIZ,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP INC., CITIGROUP GLOBAL MARKETS INC., and CITIBANK N.A.,<br><br>Defendants. | 26-CV-6446 (RA)<br><br>AMENDED MEMORANDUM OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

On July 28, 2026, Plaintiff filed this action alleging that Defendants engaged in unlawful employment retaliation, maintained a hostile work environment, and discriminated against her on the basis of race and sex. Dkt. 1. Before the Court is Defendants' motion to stay this case pending resolution of their petition to compel arbitration of Plaintiff's claims in the Western District of Texas. *See* Dkt. 17. For the reasons set forth below, Defendants' motion is granted.

**BACKGROUND**

On July 23, 2026, Plaintiff filed a complaint in the Western District of Texas asserting claims for whistleblower retaliation under Title VII, retaliation under 42 U.S.C. § 1981, race discrimination under Section 1981, and retaliatory hostile work environment under Title VII and Section 1981. *See* Dkt. 17, Ex. B (WDTX Complaint). On July 28, 2026, Plaintiff voluntarily dismissed that action and, the same day, filed a substantially similar complaint in this Court. *See* Dkt. 1 (Complaint). The new complaint asserts the same claims, as well as claims for sex discrimination under Title VII and retaliation under the New York City Human Rights Law (NYCHRL) and New York State Human Rights Law (NYSHRL). *Id.* ¶¶ 83–107. On September 24, 2026, before filing a response to Plaintiff's complaint in this action, Defendants initiated a

separate action in the Western District of Texas seeking to compel arbitration of Plaintiff's claims. *See* Dkt. 17, Ex. A (Petition). The following day, Defendants moved to stay this action pending resolution of the Texas action. *See* Dkt. 17. Plaintiff opposed the motion on October 2, 2026. *See* Dkt. 23.

**DISCUSSION**

Defendants ask the Court to stay this action pending resolution of their petition to compel arbitration in the Western District of Texas. The motion is granted.

A court's power to stay litigation is incidental to "the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."[1] *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997). "The decision whether to issue a stay is therefore firmly within a district court's discretion." *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009). In deciding whether to stay proceedings, courts in the Second Circuit examine the following five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Id.*

Here, the interests of Defendants, and perhaps most importantly, the courts, outweigh the remaining stay factors. Courts in this district routinely issue stays when "awaiting the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action to be stayed." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 17-CV-5916 (AJN), 2018 WL 3849840, at *2 (S.D.N.Y. Aug. 10, 2018). This approach "promot[es] judicial

---

[1] Unless otherwise indicated, this memorandum opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

efficiency and minimiz[es] the possibility of conflicts between different courts." *Catskill Mountains Chapter of Trout Unlimited, Inc.*, 630 F. Supp. 2d at 304. The possibility of overlapping or duplicative litigation also weighs heavily in favor of the Court exercising its discretion to stay this case. *See Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 356 F. Supp. 3d 287, 299 (S.D.N.Y. 2018); *SST Glob. Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 455 (S.D.N.Y. 2003) ("The [five-factor] test . . . has been applied to stay a federal action in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law)[.]"). Finally, neither Plaintiff nor the public will be significantly prejudiced by a stay. And if the petition to compel arbitration is denied in the Western District of Texas, Plaintiff may promptly continue to pursue her claims here.[2]

[2] Plaintiff characterizes the Western District of Texas action as a "reactive, second-filed" proceeding. Dkt. 23 at 1, 3. To the extent Plaintiff intends to invoke the first-filed rule, it does not apply here. The rule provides that, "where there are two competing lawsuits, the first suit should have priority" *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 274–75 (2d Cir. 2008), but only if the later suit "embrac[es] the same issue," *Abbott Lab'ys v. Feinberg*, 477 F. Supp. 3d 57, 63 (S.D.N.Y. 2020) (quoting *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991)). Although this suit and the one in the Western District of Texas arise out of the same dispute, they do not involve the "same issue." This suit alleges, among other things, claims for unlawful retaliation, a hostile work environment, and discrimination, *see* Complaint ¶¶ 83–107, whereas the Western District of Texas suit seeks only to compel arbitration. *See Cap Gemini Ernst & Young U.S. LLC v. Arentowicz*, No. 04-CV-0299 (DAB), 2004 WL 1386145, at *2 (S.D.N.Y. June 22, 2004) (holding that the first-filed rule did not apply where a second-filed petition to compel arbitration and a first-filed action were pending in separate districts); *see also Wework Companies Inc. v. Zoumer*, No. 16-CV-457 (PKC), 2016 WL 1337280, at *2 (S.D.N.Y. Apr. 5, 2016) ("While the parties in the two cases are the same, the issues, although related, are distinct. The California Action involves substantive claims for which respondent is seeking relief under California labor laws, whereas the petitioner before this court seeks to compel arbitration of those claims."). Accordingly, the first-filed rule is not applicable.

## CONCLUSION

For the foregoing reasons, this action is hereby stayed pending resolution of Defendants' petition to compel arbitration in the Western District of Texas. The parties shall file a status letter to the Court within one week of the Western District of Texas's ruling on the petition.

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 17.

SO ORDERED.

Dated: October 14, 2026
New York, New York

Ronnie Abrams
United States District Judge